UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE EUGENIO RODRIGUEZ MONTOYA (A-232-365-083),

Petitioner,

v.

WARDEN, MESA VERDE ICE PROCESSING CENTER, et al.,

Respondents.

No. 1:26-cv-05368 DAD CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Jose Eugenio Rodriguez (A-232-365-083), a native of Cuba who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and that petitioner be immediately released.

## I. BACKGROUND

Petitioner was admitted into the United States on March 20, 2023 under the Cuban Humanitarian Parole Program by immigration officers at Miami, Florida. (ECF No. 5-1 at 2.) The Cuban Humanitarian paroles were revoked on April 24, 2025. (Id.) On or about September

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

15, 2025, petitioner was detained by immigration authorities. (ECF No. 1 at 9.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id.) Respondents do not contest petitioner's factual allegations. (See ECF No. 5.)

On July 13, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On July 22, 2026, respondents timely filed an opposition. (ECF No. 5.) Petitioner did not file a reply. (See Docket.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner raises six claims in the petition. (ECF No. 1 at 9-11.) In claim two, petitioner raises a statutory claim. (Id.) This Court addresses petitioner's statutory claim below.

### A. Statutory Claim (Claim Two)

In the opposition, respondents do not argue that petitioner is a flight risk or a danger to the community, and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b). (ECF No. 5 at 1.) Respondents cite Avila v. Bondi, 170

F.4th 1128 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position that § 1225(b) is applicable here. (Id. at 1-2.) Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id. at 2.)

Respondents state that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release from detention pending a final order of removal." (Id. at 1.) Respondents note petitioner is in pre-order detention and "has criminal history."[2] (Id.) The Court interprets respondents' concession to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[3] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process.

After the petition was fully briefed, the Ninth Circuit decided this issue in Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v

[2] Respondents do not argue that petitioner is detained pursuant to 8 U.S.C. § 1226(c).

[3] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b) fails. For the reasons discussed above, this Court finds that petitioner is detained pursuant to § 1226(a). As such, petitioner should have received a bond hearing at the outset of his detention. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 CFR §§ 236.1(d)(1), 1236.1(d)(1)).

## IV. REMEDY

As relief, petitioner requests release from custody or a bond hearing. (ECF No. 1 at 7.) As stated above, respondents contend that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release from detention pending a final order of removal." (ECF No. 5 at 1.)

Courts have ordered immediate release in circumstances similar to those presented here. See Feng v. Lyons, No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (ordering immediate release of petitioner, detained pursuant to § 1226(a), who was denied a bond hearing on grounds the IJ lacked jurisdiction); Leo Huayen v. Chestnut, No. 1:26-cv-3696-DAD-AC, 2026 WL 1363089, at *1-2 (E.D. Cal. May 15, 2026) (petitioner, detained pursuant to § 1226(a), with expired visa who was held for six months without a bond hearing was granted

immediate release because a bond hearing would not adequately remedy the due process violation of "being deprived of an opportunity to be heard at a meaningful time and in a meaningful manner" (internal quotation marks and citation omitted)). Courts have chosen a bond hearing as the more appropriate remedy where the person has a more extensive and/or more violent criminal history. See Lopes Santana v. Marin, No. 1:26-cv-0915 DJC JDP, 2026 WL 746995, at *1 (E.D. Cal. Mar. 17, 2026), findings and recommendations adopted, 2026 WL 853376 (E.D. Cal. Mar. 26, 2026) (recommending a bond hearing where petitioner, detained pursuant to § 1226(a), had pending charges for assault after threatening his ex-wife with a gun); Perez-Paredes v. Warden, No. 1:26-cv-3356-DC JDP, 2026 WL 1470605, at *1, 4 (E.D. Cal. May 26, 2026), findings and recommendations adopted, 2026 WL 1715025 (E.D. Cal. Jun. 12, 2026) (bond hearing was appropriate remedy for petitioner, detained pursuant to § 1226(a), with criminal convictions for two DUIs and for preventing a victim from testifying, who had also been arrested for crimes including unlawful possession of tear gas, paraphernalia, and appropriation of lost property, possession of a controlled substance, possession of marijuana for sale, willful cruelty to a child, battery against a spouse/ex-spouse, and rape by means of force or fear); Colmenares-Pinto v. Warden, No. 1:26-cv-0812-DAD SCR, 2026 WL 923804, at *1, 4-5 (E.D. Cal. Apr. 6, 2026), findings and recommendation adopted, 2026 WL 1430913 (E.D. Cal. May 21, 2026) (bond hearing was appropriate remedy for person, detained pursuant to § 1226(a), who overstayed visa by over four years then was detained for four months without a bond hearing after pleading guilty to twelve counts of felony smuggling of persons).

In this case, petitioner was convicted of driving on a suspended license on September 15, 2025. (ECF No. 5-2 at 5.) On February 2, 2025, petitioner was arrested on an out-of-county warrant. (Id. at 6.) The record contains no information regarding the out of county warrant or the outcome of this charge. On June 17, 2025 petitioner was arrested for possessing/receiving/ retaining a stolen credit card. (Id. at 6.) On August 28, 2025, this charge was dropped. (Id. at 7.) On June 17, 2025, petitioner was charged with driving on a suspended license and a moving violation. (Id. at 6.) On September 8, 2025, petitioner was convicted of these charges. (Id. at 9.) Based on this record, and petitioner's almost one year detention, this Court finds that petitioner's

immediate release is the proper remedy. There is no evidence in the record, and respondent does not claim, that petitioner is a flight risk or danger to the community. See also Quila-Fonseca v. Blanche, No. 1:26-cv-5818 JLT EGC, 2026 WL 2268786, at *1-2 (E.D. Cal. Aug. 6, 2026) (ordering release of noncitizen detained, detained since May 19, 2026 pursuant to § 1226(a), who entered the United States via Cuban Humanitarian Parole); but see Medina Rodriguez v. Warden, No. 1:26-cv-4112 NW, 2026 WL 2206240, at *1-2 (E.D. Cal. July 30, 2026) (ordering bond hearing for petitioner, detained pursuant to § 1226(a) since May 18, 2026, who entered the United States via Cuban Humanitarian Parole and had DUI conviction); Capote v. Warden, No. 1:26-cv-3168 JLT EPG,2026 WL 1415306, at *1-2 (E.D. Cal. May 20, 2026) (ordering bond hearing for petitioner detained pursuant to § 1226(a) since January 25, 2026, who entered the United States under Cuban parole program, following arrest for a DUI and three counts of resisting an officer).

## V. PETITIONER'S REMAINING CLAIMS

In the petition, petitioner raises five additional claims (claims one, three, four, five and six). (ECF No. 1 at 9-11.) Because the Court recommends granting the petition on the statutory claim (claim two), the Court need not address any additional claims (claims one, three, four, five and six) raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to claim two.

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted as to claim two.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on claim two.
2. Respondents be ordered to IMMEDIATELY release petitioner Jose Eugenio

Rodriguez (A-232-365-083), and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. Given petitioner's pro se status, respondents be directed to file, within seven days of the adoption of these findings and recommendations, a status report addressing petitioner's status.
5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mont5368.157.imm.release/2