UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE EUGENIO RODRIGUEZ MONTOYA,

Petitioner,

v.

WARDEN, MESA VERDE ICE PROCESSING CENTER,

Respondent.

No. 1:26-cv-05368-DAD-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 6)

Petitioner Jose Eugenio Rodriguez Montoya is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 19, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 6.) Specifically, the magistrate judge found that petitioner was not properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A) because he is instead subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), and the failure to provide him a bond hearing pursuant to § 1226(a) for almost one year rendered an order requiring his release the only appropriate remedy. (*Id.* at 2–6.) The pending findings and recommendations were served on the parties and

contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 7.)

On August 25, 2026, respondent filed objections to the findings and recommendations. (Doc. No. 8.) Therein, respondent object to the magistrate judge's finding that petitioner is subject to § 1226(a) because petitioner was originally paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) and in accordance with the Cuban Humanitarian Parole program. (*Id.* at 1–2.) The undersigned has previously explained that when a noncitizen is paroled into the United States pursuant to § 1182(d)(5), they acquire a liberty interest in their continued release and become entitled to due process protections in the form of notice and a pre-detention hearing before that liberty interest is revoked. *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *2–5 (E.D. Cal. Dec. 9, 2025); *see also Montesino v. Mullin*, No. 26-cv-02211-AS, 2026 WL 1370143 (C.D. Cal. May 13, 2026) (reaching the same conclusion in the case of a petitioner who was paroled into the United States pursuant to § 1182(d)(5) and in accordance with the Cuban Humanitarian Parole program). Here, petitioner was re-detained by the government after residing in the United States for over three years on parole, and he has remained in immigration custody since September 15, 2025 without ever receiving a bond hearing. (Doc. Nos. 1 at 9; 5-1 at 2.) Moreover, there is no indication that petitioner was provided any notice or opportunity to be heard before the government re-detained him. Accordingly, the court concludes that petitioner's detention violate due process. For these reasons, magistrate judge was correct in ultimately concluding that petitioner's detention is unlawful and the court rejects respondent's objections based on § 1182(d)(5).

Respondent also objects to the recommendation that release is the appropriate remedy here. (*Id.* at 2.) In its prior briefing, respondent stated that this case is in the category of cases where courts typically order bond hearings instead of immediate release. (Doc. No. 5 at 1.) As other courts have noted, post-deprivation remedies are the exception, not the norm. *Charan S. v. Warden of the California City Det. Facility*, No. 1:26-cv-03017-TLN-JDP, 2026 WL 1144158, at *7 (E.D. Cal. Apr. 28, 2026) ("The Court describes post-deprivation remedies as the 'special case' where those are "the only remedies the State could be expected to provide."). Here, the

magistrate judge noted that "[t]here is no evidence in the record, and respondent does not claim, that petitioner is a flight risk or danger to the community." (Doc. No. 6 at 6.) Because of the lack of evidence or argument in this regard, the court concludes this is not the type of case that involved "'the necessity of quick action' by ICE such that petitioner could not have been provided a pre-deprivation hearing after being released from local custody." *Acanda v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-04114 TLN SCR, 2026 WL 1745735, at *4 (E.D. Cal. June 17, 2026) (citation omitted), *report and recommendation adopted sub nom. Q.A. v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-04114-TLN-SCR, 2026 WL 1805486 (E.D. Cal. June 23, 2026). Accordingly, the court rejects this objection advanced by respondent as well.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The court ADOPTS the findings and recommendations issued on August 19, 2026;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Jose Eugenio Rodriguez Montoya, A-File No. 232-365-083, from respondent's custody under the same conditions, if any, he was subject to prior to his re-detention on or about September 15, 2025;
    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing the government will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;
3. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE